[Civ. No. 67567. Second Dist., Div. Five. Sept. 8, 1983.]

FILLMORE CONDIT, Plaintiff and Appellant, v.
SOLVANG MUNICIPAL IMPROVEMENT DISTRICT et al.,
Defendants and Respondents.

COUNSEL

David H. Anderson for Plaintiff and Appellant.

Cook & Berryhill and Ronald W. Cook for Defendants and Respondents.

OPINION

ABBE, J.—Appeal from a denial of preliminary injunction. This controversy arises out of adoption by the respondent Solvang Municipal Improvement District (SMID) on September 16, 1982, of ordinance number 59 which increased the rates and connection fees for water service within the district. Appellant is a property owner within the district and contends the respondent's procedure in enacting ordinances is invalid.

Respondent is a special district created and operating pursuant to authority granted by the Legislature in the Solvang Municipal Improvement District Act of 1951 (Stats. 1951, ch. 1635) as amended. Pursuant to this act SMID is authorized to supply sewage, fire, light and water services to residents within the district. The act further provides that a regulation of the board shall be adopted by ordinance and shall be posted for one week in three public places in the district and shall take effect upon the week of such posting. SMID is governed by a board of directors consisting of five elected officials.

Appellant contends SMID violated (1) basic constitutional guarantees of due process by the manner in which it adopted ordinance number 59, (2) the Ralph M. Brown Act (Gov. Code, § 54950 et seq.), (3) Government Code section 54991 et seq., by failing to make the findings required for enacting user fee increases, (4) the California Environmental Quality Act (CEQA) (Pub. Resources Code, § 21000 et seq.) and, (5) the California Public Records Act (Gov. Code, § 6250 et seq.). Appellant also contends respondent Leo Mathiasen, the secretary/manager of SMID violated the Ralph M. Brown Act and the California Public Records Act.

The trial court denied appellant's request for preliminary injunction. We affirm.

The need for revision of the water rates and connection fees had been a subject of discussion at approximately a dozen public meetings of the board during the year 1982 prior to the adoption of ordinance number 59. The board concluded that the budget deficit caused by operation of SMID's water

system could only be met by an increase in the rates and connection fees. ■ In determining such fees, the sound judgment of informed officials is a sufficient guide to the estimated cost of providing services. (See *Carlton Santee Corp.* v. *Padre Dam Mun. Water Dist.* (1981) 120 Cal.App.3d 14 [174 Cal.Rptr. 413].) At the regular public meeting of the board on August 12, 1982, the specific data and framework recommended by SMID's staff for the fee revision was presented. The rate structure and fees ultimately adopted were generally discussed by the board at the public meetings held on August 12, August 26, September 2, September 9 and finally at the special meeting of September 16 when ordinance number 59 was adopted. All the data prepared by SMID's staff on this matter was available to the public at the district office for inspection and copying at all times.

A written draft of the proposed ordinance was made available to the board and the public at the commencement of the September 16 special meeting. Appellant had notice of this special meeting but because of other commitments could not attend. After discussion by the board members and comment (or "input," to use the current in vogue word) from the public the ordinance was adopted and was then posted in three public places in the district.

■ Appellant contends the procedures required by Government Code sections 25131 and 36934 specifying the procedure which cities and counties must follow in adopting ordinances should be made applicable to SMID. We disagree.

SMID is neither a city nor a county but is a special governmental district created by a special act of the state Legislature. The formation act provides the methods by which SMID shall adopt ordinances. Appellant admits that there is nothing in the Government Code compelling the use of the procedures established for cities or counties by special district. In fact, to do so, would create conflict between Government Code sections and the SMID formation act. Appellant further admits that the procedures established by state law for the adoption of ordinances by counties, cities and certain types of special districts are not totally uniform in their requirements.

The law is clear that the Legislature may create special districts and is not required to make city, county or other more general laws applicable to such districts. (*Reclamation District* v. *Superior Court* (1916) 171 Cal. 672 [154 P. 845].) The constitutionality of the SMID act has been upheld by this court in *Solvang Municipal Imp. Dist.* v. *Jensen* (1952) 111 Cal.App.2d 237 [244 P.2d 492]. The *Solvang* court recognized the inapplicability of the general law of cities to SMID. We find that the procedures followed by

respondent SMID in adopting ordinance number 59 did not deprive appellant of his constitutional guarantee of due process.

■ Appellant further asserts that SMID failed to comply with the California Environmental Quality Act (CEQA) (Pub. Resources Code, § 21000 et seq.). CEQA generally requires review of "projects" of government entities which have the potential of having "a significant effect on the environment." However, Public Resources Code section 21080, subdivision (b)(8) provides that the act shall not apply to the modification of rates which the public agency finds are for the purpose of meeting operating expenses and to obtain funds for capital projects necessary to maintain service. The California Environmental Quality Act does not apply to the adopting of SMID ordinance number 59.

■ We have examined the balance of appellant's contentions and find them to be without merit. The record clearly establishes that appellant will not suffer great and irreparable damages by his failure to obtain preliminary injunctive relief. The interest of the SMID district in having the rate and fee income needed to properly maintain its water service system is far greater than any harm appellant might suffer by paying the increased water fee.

The order denying preliminary injunction is affirmed.

Stone, P. J., and Gilbert, J., concurred.